UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John X Bell, # 192526,<br>*a/k/a Omar Abdel-Al-Mumit, John Bell,*<br>*John James Bell,*<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Daniel E. Shearouse;<br>Liz Godard;<br>Mary S. Williams;<br>Andrea R. Hippely;<br>Richard E. Mayes, and<br>Catherine A. Amason,<br><br>　　　　　　　　　　Defendants. | ) C/A No. 2:11-cv-506-HFF-BHH<br>)<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is incarcerated at Kershaw Correctional Institution, serving a life sentence without the possibility of parole on an Aiken County murder conviction that was entered, along with kidnaping and criminal sexual conduct with a minor convictions, on a jury verdict in 1992. In the Complaint filed in this case, Plaintiff claims that the Supreme Court Clerk, the Aiken County Clerk of Court, and an Assistant Attorney General are engaged in a "conspiracy" to deprive him of a "clear shot" at overturning his Aiken County convictions. He also alleges that his two court-appointed attorneys are involved in the "conspiracy" because they did not adequately represent him in connection with his attempts to overturn the convictions. Finally, he alleges that an employee at the Kershaw Correctional Institution mailroom is also involved in thwarting his appeals by tampering with his incoming and outgoing mail. Plaintiff acknowledges that all of his allegations in this Complaint are also contained in the habeas corpus petition he recently filed in *Bell v. Warden of Kershaw*, Civil Action

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

No. 2:11-406-HFF-BHH.  (ECF No. 1, Compl. 3).

Although the allegations are quite vague, a liberal construction of the pleading discloses that the alleged conspiracy involves the Clerks of Court's and Assistant Attorney General's use of court rules, deadlines, and other established judicial procedures to Plaintiff's prejudice in connection with his appeals.  Plaintiff claims that the two Court Clerks and the Assistant Attorney General "overstepped" their "boundary" and disregarded "the very rules of procedure dealing with appellate issues."  He also claims that his court-appointed attorneys "are guilty of ignoring their position and the duties attached to each."  Plaintiff does not provide specific facts such as dates, times, places, and specific court cases in which the "conspiracy" allegedly operated.  He does not say which Defendant did which action or which ignored which boundary, nor does he state how many appeals he is talking about or in which court or courts those appeals were filed.  Additionally, he claims that Defendant Amason, who works in the prison mailroom at Lieber, has interfered with his mail and that some mail he thought he sent out, never left, and other mail that was sent to him never got to him.  He makes virtually identical claims against Amason in the previously filed and currently pending Civil Action No. 8:10-2085-HFF-BHH. He does not allege that he suffered any kind of physical injury or ailment as a result of Defendants' activities.  Plaintiff asks this Court to award him $ 2, 300, 071. 65  in damages for alleged "mental distress."

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys,

2

*Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, to the extent that Plaintiff's *pro se* pleading may be liberally construed as claiming that Defendants violated Plaintiff's federal constitutional rights in connection with his attempts to prosecute appeals from his criminal convictions or collateral challenges thereto and are, therefore, libel to him for compensatory damages for "mental distress," the Complaint submitted in this case is subject to summary dismissal under the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges,[2] the Court stated:

> We hold that, in order to recover damages [or other relief][3] for allegedly unconstitutional conviction or imprisonment, or for other

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of section 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.

[3] *See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

3

> harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred.[4]  "Related matters" include claims that appeal rights were violated through "conspiracy" among state actors and defense counsel.  *See Switzer v. Burkes*, 115 Fed. App'x 751, 751 (5th Cir. 2004)(holding that a civil claim that "his criminal defense attorney conspired with the trial judge to deprive him of his right to appeal" invoked the *Heck* bar); *Brisco v. Grantham*, No. 3:03-CV-218-K, 2003 WL 21321217, at *2 (N.D. Tex. Mar.27, 2003) (findings, conclusions, and recommendation holding that success on an alleged conspiracy between defense counsel, the prosecution, and law enforcement personnel "would necessarily implicate the validity of his conviction ... and inevitably affect the duration of his confinement), *adopted by* 2003 WL 21517781 (N.D. Tex. Apr.14, 2003).  The limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the

---

[4] *But see Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008) (Former prisoner's § 1983 claim alleging that his prior imprisonment was wrongful, filed after his sentence expired but before he was able to complete post-conviction relief process, was cognizable; prisoner was not eligible for habeas relief since his sentence had expired and he would be left without any access to federal court to contest allegedly wrongful imprisonment if his § 1983 claim was barred.).

statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

This Plaintiff has unsuccessfully pursued an initial § 2254 petition in this Court, *Bell v. Moore*, Civil Action No. 4:99-2663-GRA, several unsuccessful successive petitions, Civil Action Nos. 8:07-1639-GRA; 8:07-2776-GRA; 8:08-304-GRA, and has now filed another § 2254 petition in which the same allegations of unconstitutionality in connection with appeals made in the Complaint filed in this case are being made. Since Plaintiff has not been successful in having his 1992 Aiken County convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations of conspiracy among state actors to violate his appeal rights, if true, would necessarily invalidate his convictions, he cannot sue any of the Defendants based on their activities in connection with his attempts at collateral and/or appellate review of his convictions. As a result, this case is frivolous and subject to summary dismissal as to all Defendants without issuance of service of process.

Furthermore, the allegations against the Assistant Attorney General and the Clerks of Court all appear to involve the way they performed their judicially related jobs. Even though Plaintiff objects to how they did their jobs, even if *Heck* did not apply to bar Plaintiff's claims against all Defendants, these three Defendant are all immune from any claim of violation of the federal constitution in connection with their job performance that might arise against them under § 1983. With regard to Defendant Godard, the Aiken County Clerk of Court, it is noted that though elected by the voters of a county, Clerks of Court are also part of the State of South Carolina's unified judicial system. *See* S.C. Const. Article V, § 24; S.C. Code Ann. §§ 14-1-40, 14-17-10. In this

5

case, both Defendants Shearouse and Godard have quasi-judicial immunity because Plaintiff's allegations show that they were following rules of a court or were acting pursuant to authority delegated by a court to Clerk's Office personnel when they did the activities of which Plaintiff complains. See Cook v. Smith, 812 F. Supp. 561, 562(E.D. Pa. 1993); Mourat v. Common Pleas Court of Lehigh County, 515 F. Supp. 1074, 1076 (E.D. Pa. 1981). In Mourat v. Common Pleas Court of Lehigh County, the district court, in a bench ruling, rejected claims similar to those raised by the pro se plaintiff in the case sub judice:

> The clerk, Joseph Joseph, is also immune from suit. In the "recognized immunity enjoyed by judicial and quasi-judicial officers, including prothonataries, there exists an equally well-grounded principle that any public official acting pursuant to court order is also immune." We have here quoted from Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969)[, cert. denied, 396 U.S. 941 (1969)]. If he failed to act in accordance with the judicial mandate or court rule, he would place himself in contempt of court. See Zimmerman v. Spears, 428 F. Supp. 759, 752 (W.D.Tex.), aff'd, 565 F.2d 310 (5th Cir. 1977); Davis v. Quarter Sessions Court, 361 F. Supp. 720, 722 (E.D.Pa.1973); Ginsburg v. Stern, 125 F. Supp. 596 (W.D. Pa.1954), aff'd per curiam on other grounds, 225 F.2d 245 (3d Cir. 1955) sitting en banc.

515 F. Supp. at 1076; see also Dieu v. Norton, 411 F.2d 761, 763 (7th Cir. 1969)("Defendants Circuit Judge Cotton, court reporter Tellschow and circuit court clerk Block were all acting in the discharge of their official responsibilities[;] [a]s such they were protected by the traditional doctrine of judicial immunity, as this rule of law was not abolished by § 1983, supra.").

The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel such as Defendants Shearouse and Godard because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'" Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992)(quoting Scruggs v. Moellering, 870 F.2d 376, 377 (7th Cir. 1989)); see also Ashbrook v. Hoffman, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).

Moreover, to the extent the it seeks damages from Assistant Attorney General Williams,

6

who functioned as a "prosecutor" in connection with Plaintiff's appellate efforts, Plaintiff's Complaint is barred by the well-established legal doctrine of prosecutorial immunity. Assistant Attorneys General functioning as prosecutors in appeals have absolute immunity for their prosecution-related activities in or connected with judicial proceedings. Such protected activities include, but are not limited to, prosecutorial actions and decisions related to the Solicitor's participation in a criminal trial, bond hearings, grand jury proceedings, pre-trial motions hearings, and ancillary civil proceedings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Burns v. Reed*, 500 U.S. 478 (1991); *Hart v. Jefferson County*, 1995 WL 399619 (D. Ore., June 15, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity). Absolute immunity extends to "persons working under [a prosecutor's] direction, when they function as advocates for the state" and are clearly associated with the judicial process. *Bernard v. County of Suffolk*, 356 F.3d 495, 502 (2d Cir. 2004). Moreover, it is established that prosecutorial immunity extends to appeals and post-conviction relief cases. *See* Bruce v. Wade, 537 F.2d 850, 852 (5th Cir.1976)(attorney representing government in a habeas corpus or post-conviction case has absolute prosecutorial immunity); *see also Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir.1979)(prosecutorial immunity extends to appeals). Hence, Defendant Williams, who represented the State of South Carolina during the post-conviction proceedings in Plaintiff's case, is entitled to summary dismissal because of prosecutorial immunity. Because Plaintiff seeks damages from immune Defendants, this case is frivolous.

Also, there is no federal jurisdiction under § 1983 (or any other statute) to consider Plaintiff's claims against his own defense counsel, Defendants Hippley and Mayes. In order to state a cause of action under § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The United States Supreme Court has determined that "a public defender does not

7

qualify as a state actor when engaged in his general representation of a criminal defendant." *Georgia v. McCollum*, 505 U.S. 42, 53 (1992).[5] The Court held in *Polk County v. Dodson*, 454 U.S. 312 (1981), that the adversarial relationship of a public defender with the State prevented the attorney's public employment from alone being sufficient to support a finding of state action. Since Plaintiff's allegations do not establish this defendant acted under color of state law, Plaintiff cannot maintain a § 1983 action against him. Further, Plaintiff has alleged herein no more than malpractice against these two Defendants, *i.e.*, negligence in legal representation; a § 1983 action may not be based alone on a violation of state law or on a state tort such as negligence. *Clark v. Link*, 855 F.2d 156, 161 (4th Cir. 1988); *see West v. Atkins*, 487 U.S. 42, 48 (1988)(to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States); *Kendall v. City of Chesapeake*, 174 F.3d 437, 440 (4th Cir. 1999)(same).

Finally, to the extent that Plaintiff seeks damages from prison-employee Amason for alleged mail tampering, a close review of the allegations contained in the Complaint filed in this case and allegations made against this same person in currently pending Civil Action No. 8:10-2085-HFF-BHH, it appears that the allegations in this case are essentially duplicative of those in the already pending case. The Court will not entertain two separate, virtually identical lawsuits filed by the same individual against the same person. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

---

[5] In *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982), the Court held that the statutory requirement of action "under color of state law" is identical to the "state action" requirement for other constitutional claims.

8

Plaintiff has already filed a response to the motion for summary judgment in Civil Action No. 8:10-2085-HFF-BHH (ECF No. 54), and it appears that he is seeking additional time to, perhaps, amend some of his responses to include allegations of continuing mail obstruction. *Id.* (ECF Nos. 58, 61). Assuming that he does so, he will have a full opportunity to litigate his claims against Defendant Amason within the more appropriate confines of Civil Action No. 8:10-2085-HFF-BHH.

The bulk of Plaintiff's allegations, liberally construed, raise state-law-based claims against Defendants, such as obstruction of justice, legal malpractice, fraud, and/or malicious prosecution.[6] In the absence of diversity of citizenship jurisdiction, these types of claims fall outside the limited jurisdiction of this Court. *See Cianbro Corporation v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992). Although federal courts faced with claims that fall within the courts' federal question jurisdiction, *see* 28 U.S.C. § 1331, have discretion to decide pendent state law claims *if* the federal and state claims arise out of a common nucleus of operative fact, "[i]f the federal claims are dismissed before trial . . . the state claim[s] should be dismissed as well." *Webb v. McCullough*, 828 F.2d 1151, 1160 (6th Cir. 1987); *see United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Because, as stated below, Plaintiff fails to state any viable claim cognizable under this Court's federal question jurisdiction against any Defendant, this Court should dismiss all the state law claims stated in the Complaint without prejudice so that Plaintiff may pursue his remedies in an appropriate state forum should he choose to do so.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v.*

---

[6] Generally, such common-law torts are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Owen Equip. & Erection Co.*, 437 U.S. at 370-72.

9

*Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since Plaintiff seeks monetary damages in this case and three of the Defendants in this case are immune from suit, 28 U.S.C. § 1915A(b)(2) is applicable in this case.  Additionally, several courts have held that a dismissal under *Heck* constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g).  *See Luedtke v. Bertrand*, 32 F. Supp.2d 1074 (E.D. Wis. 1999); *Sandles v. Randa*, 945 F. Supp. 169 (E.D. Wis. 1996); *see also Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).  Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391 (4th Cir. 2009)

Plaintiff's attention is directed to the important notice on the next page.

s/Bruce Howe Hendricks
United States Magistrate Judge

March 28, 2011
Charleston, South Carolina

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).